COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

IGNACIO MUNOZ, § 

           Appellant, §

v. §

THE STATE OF TEXAS, §

           Appellee. §

§

No. 08-10-00150-CR

Appeal from the

409th District Court

of El Paso County, Texas

(TC# 20090D03488)

## **O P I N I O N**

In two issues, Ignacio Munoz, Appellant, complains of prosecutorial misconduct and ineffective assistance of counsel. We affirm.

## **BACKGROUND**

Appellant agreed to consolidate into a single trial a charge of indecency with a child involving J.D. with another charge of indecency with a child involving A.M. Thereafter, a jury was empaneled. Appellant informed the trial court that he desired to plead guilty, and the trial court admonished Appellant regarding his rights and the consequences of pleading guilty. Appellant's written admonishments regarding the entry of a plea of guilty and sex-offender registration was admitted before the trial court without objection. Appellant then entered his open pleas of guilty to each of the indecency charges.

During the punishment phase of trial before the jury, J.D. and A.M. each testified to the acts which Appellant had committed upon them. Each child and other witnesses testified regarding the impact of the offenses upon the children's lives. Both Appellant's wife, a nurse, and Norma Reed, a licensed clinical social worker and sex-offender treatment provider, presented favorable testimony

in Appellant's defense. Although he had admittedly touched the private parts of J.D. no less than five times and had touched A.M.'s private parts as well, Appellant testified that he would not re-offend, was undergoing treatment, and had no sexual interest in children.[1] The jury returned a verdict of guilty on each indictment and sentenced Appellant to concurrent terms of twenty years' imprisonment on each count.

## DISCUSSION

In his first issue, Appellant complains that he was denied a fair and impartial trial because the State allegedly engaged in prosecutorial misconduct by using inflammatory words and statements. Appellant specifically complains that the State's use of the terms "molester," "child molester," "sexual predator," and "molested" in the punishment phase of trial was clearly calculated to inflame the minds of the jury and was of such character to suggest the impossibility of withdrawing the impression produced by the statements. He also complains that the State elicited evidence that allegedly suggested Appellant had committed extraneous criminal offenses that were not part of the charged offense. In his second issue, Appellant contends he was denied the effective assistance of counsel because trial counsel failed to object to the State's complained-of conduct as raised in Issue One.

We first consider whether Appellant has preserved his prosecutorial misconduct complaints for appeal. To preserve error for prosecutorial misconduct, an appellant must: (1) make a timely and specific objection; (2) request an instruction to disregard the matter improperly placed before the jury; and (3) move for mistrial. *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993);

---

[1] J.D. testified that Appellant inappropriately touched him five to six times when J.D. was between nine and ten-years old.

*Perkins v. State*, 902 S.W.2d 88, 96 (Tex. App. – El Paso 1995, no pet.) (appellant's failure to object on grounds of prosecutorial misconduct waived alleged error). Our review of the State's closing punishment arguments shows that Appellant did not object to the State's closing punishment arguments. Therefore, Appellant has failed to preserve the alleged error for appellate review. Tᴇx. R. Aᴘᴘ. P. 33.1(a)(1)(2). Moreover, we are unpersuaded by Appellant's contention that the unpreserved errors so undermined the reliability of the fact-finding process, transformed the trial into a farce and mockery of justice, and deprived Appellant of fundamental fairness and due process of law that a new trial is necessary. *Compare Berger v. United States*, 295 U.S. 78, 84, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *Rogers v. State*, 725 S.W.2d 350, 351-61 (Tex. App. – Houston [1st Dist.] 1987, no pet.). Issue One is overruled.

In Issue Two, Appellant complains that he was denied the effective assistance of counsel because counsel failed to object to the State's alleged misconduct during the punishment phase of his trial.

*Standard of Review*

To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005). Prong One requires a defendant to show that trial counsel's performance was so deficient that the representation fell below the objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Prong Two requires a defendant to

3

show that counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687; *Torres v. State*, 141 S.W.3d 645, 657 (Tex. App. – El Paso 2004, pet. ref'd). Thus, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A probability sufficient to undermine confidence in the outcome is a reasonable probability. *Strickland*, 466 U.S. at 694; *Jackson*, 877 S.W.2d at 771.

A defendant bears the burden of establishing both *Strickland* prongs by a preponderance of the evidence. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). A defendant's failure to meet his burden as to either prong will defeat the ineffectiveness claim. *Strickland*, 466 U.S. at 697; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009), *cert. denied*, 130 S.Ct. 3411 (2010), *citing Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Our review begins with the strong presumption that counsel's conduct fell within the wide range of reasonable professional service, and our review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689; *see Andrews*, 159 S.W.3d at 101. Thus, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689.

A claim of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate that the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Because a silent record provides no explanation for counsel's actions, the record in a direct appeal is usually insufficient to show that counsel's representation was so deficient or so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was professional and reasonable. *Cannon v. State*, 252 S.W.3d 342, 349 (Tex. Crim. App.

4

2008); *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). Counsel should ordinarily be given an opportunity to explain his actions before being deemed unprofessional or incompetent. *Rylander*, 101 S.W.3d at 111; *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Absent this opportunity, we should not find counsel's performance deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392*, quoting Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). As the Texas Court of Criminal Appeals has repeatedly explained, an application for writ of habeas corpus is typically the more appropriate vehicle for raising claims of ineffective assistance of counsel. *See, e.g. Rylander*, 101 S.W.3d at 110-11.

The trial record does not provide any information regarding counsel's reasons for his inaction in this case. Appellant filed a motion for new trial in which he did not raise nor present a record showing ineffective assistance of counsel. Our examination of the record as it exists does not reveal that counsel's allegedly deficient performance was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392. Consequently, the trial and post-trial record before us is silent and fails to provide the reasons for counsel's inaction. Based upon the totality of the record, we are unable to conclude that Appellant has met his burden of establishing that trial counsel's performance fell below an objective standard of reasonableness. Because we are unable to conclude that Appellant has satisfied the first prong of *Strickland*, Issue Two is overruled. *Strickland*, 466 U.S. at 697; *Williams*, 301 S.W.3d at 687.

The trial court certified Appellant's right to appeal in this case, but the amended certification does not include the information required by Rule 25.2(d). *See* TEX. R. APP. P. 25.2(d). The certification is defective, and has not been corrected by Appellant's attorney, or the trial court. To

remedy this defect, this Court ORDERS Appellant's attorney, pursuant to TEX. R. APP. P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX. R. APP. P. 48.4, 68.  Appellant's attorney is further ORDERED, to comply with all of the requirements of TEX. R. APP. P. 48.4.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

October 26, 2011

Before McClure, C.J., Rivera, J., and Chew, C.J., (Senior)

(Do Not Publish)